# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BROOKE A. LINDSEY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 18-cv-2604-DDC-TJJ |
| | ) |
| T2 PARTNERS, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Pro se Plaintiff Brooke A. Lindsey brings this case against Defendants T2 Partners, LLC; Westside Family Church; Title Boxing Club 10; Jeanie Alden; Joe Lieberman;[1] Lieberman Consulting, LLC; and JL Enterprises. This matter comes before the Court on several motions: Plaintiff's Motion to Proceed Without Prepayment of Fees (ECF No. 3), Plaintiff's Motion to Leave File Under Seal (sic) (ECF No. 4), Plaintiff's Motion to Seal Entire Case (ECF No. 5), Plaintiff's Motion for Leave File Under Seal (sic) (ECF No. 6),[2] and Plaintiff's Motion for Leave to File Documents Under Seal (ECF No. 7).[3] For the reasons discussed below, the Court grants Plaintiff's Motion to Proceed Without Prepayment of Fees but directs the U.S. Marshals Service to withhold service of summons and the complaint until further order of the Court; denies each of Plaintiff's motions to file documents under seal and to seal the case; and denies Plaintiff's request for appointment of counsel.

---

[1] The docket for this case names Joel Lieberman as a defendant, but Plaintiff's attached supporting documentation names Joe Lieberman.

[2] Plaintiff attaches a Motion for Appointment of Counsel to this motion (ECF No. 6-1). The Court considers the merits of her request for appointment of counsel separately as further discussed below.

[3] Plaintiff does not actually title this motion, but based on review, the Court construes it as a motion to file the documents attached to the motion under seal.

I.  **Motion to Proceed Without Prepayment of Fees**

Under the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1), the court may authorize the commencement of a civil action "without the prepayment of fees or security therefor, by a person who submits an affidavit…[if] the person is unable to pay such fees or give security therefor." To succeed on a motion to proceed *in forma pauperis*, the movant must show he or she is financially unable to pay the required filing fee.[4] The decision to grant or deny *in forma pauperis* status under section 1915 lies within the sound discretion of the trial court.[5]

Based on the information provided in her financial affidavit, Plaintiff has shown a financial inability to pay the required filing fees. Plaintiff is not currently employed and her only income seems to be $100 biweekly from a source not identified in her financial affidavit. She reports no other income or assets, and says she has $100 in her checking account. The Court will therefore grant Plaintiff's Motion to Proceed Without Prepayment of Fees.

Although Plaintiff is granted leave to proceed without prepayment of the filing fee, service of process may be withheld pending review under 28 U.S.C. § 1915(e)(2)(B).[6] While such review may occur at any time and the Court is not obligated to conduct the review before service of process,[7] dismissals "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering."[8] In this case, a pre-service review appears appropriate given that Plaintiff's Complaint appears to fail to state a

---

[4] *See* 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the parties instituting any civil action, suit, or proceeding in such court . . . to pay a filing fee . . . .").

[5] *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 217–18 (1993) (Section 1915 gives a district court discretion with respect to granting *in forma pauperis* status).

[6] *See Fuller v. Myers*, 123 F. App'x 365, 368 (10th Cir. 2005) (noting that district courts may dismiss action without service of process through screening process of § 1915(e)).

[7] *See Buchheit v. Green*, No. 12-4038-CM-KGS, 2012 WL 1673917, at *1 (D. Kan. May 14, 2012).

[8] *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

claim on which relief may be granted. A separate Report and Recommendation will be entered recommending that Plaintiff's Complaint be dismissed.

## II. Motions for Leave to File Under Seal

Plaintiff alleges harassment and retaliation, as well as other claims throughout her attached exhibits, against all defendants. Plaintiff requests leave to file all exhibits related to the case under seal.[9]

After reviewing the exhibits provided by Plaintiff, the Court finds the exhibits should not be filed under seal. "It is well settled that federal courts recognize a common-law right of access to judicial records. This right derives from the public's interest in understanding disputes that are presented to a public forum for resolution and is intended to assure that the courts are fairly run and judges are honest."[10] However, the public's right of access is not absolute. "Because federal district courts have supervisory control over their own records and files, the decision whether to allow access to those records is left to the court's sound discretion. In exercising that discretion, the court must consider the relevant facts and circumstances of the case and balance the public's right of access, which is presumed paramount, with the parties' interests in sealing the record or a portion thereof. Documents should be sealed only on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture."[11]

A party seeking to file documents under seal has the burden of showing disclosure of such documents "in the public record would result in public or private harm" that would

---

[9] Plaintiff later filed a supplement to her complaint containing 214 pages of documents (ECF No. 8). Notably, many of the documents included in this supplement are also included in the attachments Plaintiff seeks to file under seal.

[10] *Carefusion 213, LLC v. Professional Disposables, Inc.*, No. 09-2616-KHV-DJW, 2010 WL 2653643, at *1 (D. Kan. June 29, 2010) (internal quotations omitted).

[11] *Id.* (internal quotations omitted).

outweigh the public's right of access to the records.[12] Plaintiff has not articulated or presented facts to meet her burden of showing public or private harm. Plaintiff's motions simply state the exhibits should be placed under seal to "protect personal documents" so that Plaintiff is not subjected to "perpetuated harassment & retaliation personally or professionally."[13] Plaintiff does not explain how or by whom she is being harassed or retaliated. Many of the exhibits Plaintiff requests to file under seal include tax, medical, and divorce documents related to Plaintiff. She also attaches documents from a previous case in this Court in which she sued a former employer for discrimination, retaliation, and a hostile work environment.[14] Someone, presumably Plaintiff, has written notes on many of the documents, which are often hard to follow. It is unclear what if any relevance many of the proposed exhibits have on Plaintiff's claims, or why she would need to file them in this case. Plaintiff has failed to show that any privacy interest she may have in the documents outweighs the public's right to assess such documents.

Plaintiff's Motion to Seal Entire Case (ECF No. 5) is a one-page document that again says she would like her "personal docs to be sealed so I don't have continued harassment, slander and retaliation to continue or perpetuate." Plaintiff provides no information as to how she is being harassed or retaliated against, by whom, or how sealing the case would prevent any alleged harassment or retaliation.

The motions for leave to file under seal will be denied without prejudice. Should Plaintiff be allowed to proceed with her case, she may review her proposed exhibits and, if warranted, file

---

[12] *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, 2007 WL 101858, at *4 (D. Kan. (Jan. 10, 2007).

[13] ECF No. 6.

[14] ECF No. 4-1 at 107–16. The case settled and was dismissed with prejudice. *See* Case No. 13-2276-RDR-KGS. The named defendant in that case is not a named defendant in this case.

a new motion to file under seal detailing the relevance the documents have to her claims and what harm would result if they were disclosed.

III. **Motion for Appointment of Counsel**

Attached as an exhibit to one of Plaintiff's motions for leave to file under seal is a Motion for Appointment of Counsel and Declaration of Good Faith Efforts to Obtain Counsel (ECF No. 6-1). While a defendant in a criminal action has a constitutional right to be represented by an attorney, it is well settled that a party in a civil action has no right to appointment of counsel.[15] Instead, courts considering requests for the appointment of counsel in civil actions generally look to the *in forma pauperis* statute, 28 U.S.C. § 1915.[16] Under 28 U.S.C. § 1915(e)(1), a court "may request an attorney to represent any person unable to afford counsel." The appointment of counsel under 28 U.S.C. § 1915(e)(1) is a matter within the discretion of the district court.[17] In determining whether to appoint counsel under § 1915(e)(1), the district court may consider a variety of factors, including: (1) the litigant's ability to retain counsel, (2) the merits of the litigant's claims, (3) the nature of the factual issues raised in the claims, (4) the litigant's ability to present his/her claims, and (5) the complexity of the legal issues raised by the claims.[18]

After reviewing the Complaint, Motion for Appointment of Counsel and Declaration of Good Faith Efforts to Obtain Counsel, and the above factors, the Court finds that Plaintiff's request to appoint counsel should be denied. In reaching this decision, the Court places substantial emphasis on the first and second factors under § 1915(e)(1). Based on the information

---

[15] *Durre v. Dempsey*, 869 F .2d 543, 547 (10th Cir. 1989).

[16] *Lane v. Brewer*, No. 07-3225-JAR, 2008 WL 3271921, at *2 (D. Kan. Aug. 7, 2008); *Winston v. Simmons*, No. 01-3335-KHV, 2003 WL 21418359, at *8 n.7 (D. Kan. June 18, 2003).

[17] *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (a district court "has discretion to request an attorney to represent a litigant who is proceeding *in forma pauperis*" under 28 § 1915(e)(1)).

[18] *Lane*, 2008 WL at *5–6.

contained in Plaintiff's Motion Requesting Court Appointed Counsel, Plaintiff has not made a good faith effort to hire an attorney. This Court requires a plaintiff make a reasonably diligent effort under the circumstances to obtain an attorney. Specifically, the Court typically requires that before seeking an appointed attorney, a plaintiff confer with (not merely contact) at least five attorneys regarding legal representation. It appears most of the attorneys listed in Plaintiff's motion were contacted regarding previous legal issues, not the case currently before the Court. Because Plaintiff has failed to contact attorneys regarding her current case, the Court cannot find that Plaintiff is entitled to appointed counsel based on an inability to retain counsel on her own.

Additionally, it does not appear that plaintiff has a meritorious claim. Federal Rule of Civil Procedure 8(a)(2) requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must state more than "labels and conclusions" and a "formulaic recitation of the elements of a cause of action."[19] Additionally, there must be enough factual allegations "to raise a right to relief above the speculative level."[20] Because Plaintiff proceeds pro se, her pleadings are liberally construed.[21] Liberal construction, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[22]

While Plaintiff provides several hundred pages of exhibits in support of her claims, she never details the specific facts of the incident(s) leading to the claimed harassment or retaliation.[23] For example, Plaintiff provides a myriad of documents on which her name is misspelled, including

---

[19] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[20] *Id.*

[21] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[22] *Id.*

[23] *See generally* ECF No. 4-1, ECF No. 6-2, ECF No. 7-1.

plane tickets, e-mails, and prior judgments from other courts.[24] Similarly, Plaintiff provides bank records and financial statements without explaining how they relate to her allegations. Based on the limited facts outlined in the Complaint, it is unclear how these exhibits supplement her allegations to sufficiently state a claim for either harassment or retaliation. The Court further discusses this in its Report and Recommendation to follow. Because it appears Plaintiff has not stated a meritorious claim, the Court declines to appoint counsel at this time. If this case is allowed to progress and it becomes apparent that appointed counsel is necessary, Plaintiff may renew her motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Leave to Proceed In Forma Pauperis (ECF No. 3) is granted, but the U.S. Marshals Service is directed to withhold service of summons and the complaint until further order of the Court.

A copy of this Order shall be mailed to Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Leave File Under Seal (sic) (ECF No. 4), Plaintiff's Motion to Seal Entire Case (ECF No. 5), Plaintiff's Motion for Leave File Under Seal (sic) (ECF No. 6), and Plaintiff's Motion for Leave to File Documents Under Seal (ECF No. 7) are denied without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 6-1) is denied.

**IT IS SO ORDERED.**

Dated March 8, 2019, at Kansas City, Kansas.

									Teresa J. James
									U. S. Magistrate Judge

---

[24] *See, e.g.*, ECF No. 6-2 at 6; ECF No. 4-1 at 2.